```
         IN THE UNITED STATES BANKRUPTCY COURT
         FOR THE MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

- - - - - - - - - - - - - - - - - -x
IN RE:                              :
                                    :
                                    :
COMMUNITY HEALTH SOLUTIONS          : Case No. 06-01215-8C1
   OF AMERICA                       :       Chapter 11
                                    :
              Debtor                :
- - - - - - - - - - - - - - - - - -x
LARRY S. HYMAN                      :
              Plaintiff             :
    vs.                             : **Adversary No. 06-0328**
                                    :
COMMON PAYMASTER CORP.,             :
MIRABILIS VENTURES, INC.            :
                                    :
              Defendants            :
- - - - - - - - - - - - - - - - - -x

                              801 N. Florida Avenue
                              Tampa, Florida
                              August 21, 2006
                              9:40 A.M.

### H E A R I N G

**Adv. 06-0328.** Pretrial Conference; Expedited Motion to Dismiss Adversary Proceeding by Mirabilis Ventures, Inc. (Doc. 12); Motion to Dismiss Complaint by Common PayMaster Corp. (Doc. 13).

**B E F O R E:   THE HONORABLE CATHERINE PEEK McEWEN**
**               UNITED STATES BANKRUPTCY JUDGE**

_____

**JOHNSON TRANSCRIPTION SERVICE**
7702 Lake Cypress Drive
Odessa, Florida  33556
(813) 920-1466

A P P E A R A N C E S:

| | |
|---|---|
| For Chapter 11 Trustee Hyman: | CHERYL THOMPSON, Esquire<br>GrayRobinson, P.A.<br>201 N. Franklin Street, #2200<br>Tampa, Florida  33602<br>(813) 273-5000 |
| For Mirabilis and Pacific Atlantic Capital Corporation: | THOMAS LASH, Esquire<br>FRAZIER CARRAWAY, Esquire<br>DAMON ELLIS, Esquire<br>Saxon, Gilmore, et al, P.A.<br>201 E. Kennedy Boulevard #600<br>Tampa, Florida  33602 |
| For Common PayMaster: | MARK BERNET, Esquire<br>Buchanan Ingersoll Professional Corp<br>401 E. Jackson Street, Suite 2500<br>Tampa, Florida  33602 |
| For TenShi Enterprises: | JEFFREY W. WARREN, Esquire<br>Bush, Ross, et al.<br>220 S. Franklin Street<br>Tampa, Florida  33602 |
| Also Present: | LARRY HYMAN, Chapter 11 Trustee |

```
                                                                    3
1                    P R O C E E D I N G S
2              THE COURT:  We have a small hearing in front
3     of yours that the person has not shown up yet.
4              (Discussion off the record.)
5              THE COURT:  Go ahead and call the --
6              MR. LASH:  Excuse me, Your Honor.  I think
7     ours may be shorter than we might have originally
8     thought.  We may have an agreement for the short term.
9              THE COURT:  Oh, boy.  Okay.  Well, let's go
10    ahead an call Community Health first then.
11             THE COURTROOM DEPUTY:  Community Health
12    Solutions of America, Case No. 06-01215.
13             THE COURT:  The Court will take appearances.
14             MS. THOMPSON:  Good morning, Your Honor,
15    Cheryl Thompson on behalf of Larry S. Hyman, Chapter 11
16    Trustee of Community Health Solutions of America, LLC,
17    Plaintiff in the pending adversary proceeding; also
18    Trustee acting on behalf of Cadent Underwriters,
19    Incorporated.
20             MR. WARREN:  Good morning, Your Honor,
21    Jeffrey Warren.  I represent TenShi Enterprises, Inc.
22    and TenShi Leasing.  TenShi is not a party in the
23    adversary proceeding, but we have asserted a claim in
24    the case.
25             THE COURT:  All right.  Thank you.
```

1   MR. BERNET: Good morning, Your Honor, Mark
2   Bernet on behalf of Common PayMaster Corporation.
3   We're a creditor in the main case and also a party in
4   the adversary.
5   MR. LASH: Good morning, Your Honor, Tom Lash
6   on behalf of Mirabilis Ventures, Inc. and Pacific
7   Atlantic Capital Corporation. And with regard to the
8   Adversary Proceeding 06-328, with me is Mr. Frazier
9   Carraway who is lead counsel for that, and Mr. Damon
10  Ellis.
11  THE COURT: All right. Thank you. Okay,
12  well, we had two motions to dismiss. And you want to
13  go forward and tell me what it is that you'd like for
14  me to do today?
15  MR. BERNET: Yes, Your Honor, Mr. Lash has
16  foreshadowed some of the -- what we're about to relay
17  to Your Honor. We've had some discussions with the
18  Trustee's counsel. That would be counsel for Common
19  PayMaster, counsel for TenShi, and counsel for
20  Mirabilis. And we're optimistic that a solution might
21  be had in the main bankruptcy case that would allow the
22  rather messy litigation to not proceed.
23  We need a little bit of time in order to try
24  to put together a solution in the main bankruptcy case
25  and it didn't strike us as a good use of resources to

1  continue to litigate a fact and legal-intensive
2  adversary while we tried to look at what we're calling
3  the "big picture."  What we would propose to do, Your
4  Honor, is to stay the adversary proceeding, I'm
5  authorized to say, for one week, during which time
6  nothing further would happen in the adversary
7  proceeding.
8       We would ask the Court not to consider the
9  motions to dismiss.  The discovery that would fall due
10 within that period of time would not fall due.  There
11 is, not visible to Your Honor, a discovery dispute
12 brewing.  That would be stayed as well.
13      And then we would ask if Your Honor might
14 have some time the first part of next week where we
15 could come back and look at the motions to dismiss or
16 possibly have something else to report.
17      THE COURT:  All right.  And everybody is in
18 agreement; right, Ms. Thompson?
19      MS. THOMPSON:  Your Honor, subject to
20 obviously determining a date that the Court can have a
21 hearing that will be consistent with our calendars.
22 And also I do think we do need to have some clear
23 clarification with respect to answers that are due,
24 when they'll fall due, following the hearing.
25      THE COURT:  All right.  There seems like

1  only one answer or one portion of an answer or one
2  portion of a motion to dismiss is needing to be filed
3  because --
4      MS. THOMPSON: Right, only as to Common
5  PayMaster, the non-expedited counts --
6      THE COURT: No, it's Mirabilis.
7      MR. CARRAWAY: Mirabilis, Your Honor.
8      THE COURT: Mirabilis, the non-expedited
9  counts haven't been responded to.
10     MS. THOMPSON: Right. You're right, Your
11 Honor.
12     THE COURT: All right. And, Mr. Carraway,
13 you're in agreement with this too?
14     MR. CARRAWAY: Yes, Your Honor. And she
15 seems to be clarifying it, saying that the previously
16 set deadlines would also be pushed back seven days, or
17 whatever the Court would order. And I think there was
18 also some discussion about a 2004 that was set in the
19 main case, that that would also be stayed for whatever
20 period, seven days, I think, is on the table --
21     THE COURT: And, Ms. Thompson, that's right
22 too; the 2004 would be subject to a moratorium as well?
23     MS. THOMPSON: There's a motion for a 2004
24 that has been filed and there would be no
25 consideration, nor objection to that motion within the

1  time.

2  THE COURT: Okay.

3  MS. THOMPSON: And I think to make sure that
4  everybody has an opportunity to fully air their issues
5  with each other and then provide some additional time,
6  I would propose that all of the discovery deadlines,
7  answers and discovery disputes and the like be deferred
8  for two days following whatever date the Court sets for
9  the hearing so that we can deal with the issues at the
10 hearing and then deal with those issues separately.

11 THE COURT: Two days following the date of
12 the hearing?

13 MS. THOMPSON: Uh-huh.

14 THE COURT: Okay.

15 MR. BERNET: I think that might actually be
16 quicker than the -- depending on when the hearing is
17 set.

18 THE COURT: Have you all considered using a
19 mediator to work out these interim big-picture issues,
20 not that it would be the final, final resolution,
21 but --

22 MR. BERNET: We've actually discussed that
23 internally. At this point, Common PayMaster has not
24 authorized me to agree to a mediator. Honestly, Your
25 Honor --

1           THE COURT: What if I ordered one?

2           MR. BERNET: Well, Your Honor certainly can

3 order one but --

4           THE COURT: I won't unless I get a sense that

5 everyone thinks it's a good idea, regardless of what

6 your client is telling you.

7           MR. BERNET: At this point in time, I don't

8 think that's necessary. I think some discussions have

9 been made. I think we're simply asking for a one-week

10 delay to continue those discussions.

11           THE COURT: Okay.

12           MR. BERNET: Now the mediator, I guess I'd

13 ask Your Honor for the scope of what that would

14 involve. Because we're looking at doing nothing in the

15 adversary and having it go away.

16           THE COURT: I understand that. I'm thinking

17 of having the mediator deal with you on the issues that

18 you'll be discussing during the ensuing week.

19           MR. BERNET: I don't think at this point. On

20 Monday or Tuesday, whenever we have the hearing, maybe

21 we could revisit the issue.

22           THE COURT: Okay. Mr. Warren, are you

23 involved in those discussions?

24           MR. WARREN: Yes, Your Honor. And maybe, you

25 know, I will just state that my role is continuing to

1  evolve with respect to this case.  And the parties have
2  had discussions about using a mediator and I think
3  Mr. Bernet's comment was simply intended to convey to
4  the Court that we may not need one.  But if we do need
5  one, we've already discussed the potential use of a
6  mediator.
7           THE COURT:  Okay.
8           MR. WARREN:  So, what we're hoping is to be
9  able to do this without a mediator, but we have some
10 names that we're looking at.
11          THE COURT:  All right.
12          MR. LASH:  And, Your Honor, could you just
13 ask that same question at the next hearing?
14          THE COURT:  Yes, I will.
15          MR. LASH:  Thank you.
16          THE COURT:  I think I might have asked it at
17 the last hearing --
18          MR. CARRAWAY:  You did, Your Honor.
19          THE COURT:  -- or hinted at it, at least.
20          MR. BERNET:  Certainly, you did.
21          THE COURT:  Okay, Ms. Garcia, what do we have
22 available early next week?  Things are going to get a
23 little complicated in the short term because I drew the
24 Poe cases.
25          (Discussion off the record.)

10

1   THE COURT:  I think that we'll probably need
2   to save some time for what might come out of the
3   woodwork today or tomorrow from those cases by way of
4   emergency motions or first-day motions.
5   THE COURTROOM DEPUTY:  There's time Monday,
6   Tuesday or Wednesday in the morning.
7   THE COURT:  Okay.  Well, which would you
8   prefer?  Why don't we give you Tuesday?
9   MR. LASH:  Okay.
10  MS. THOMPSON:  Tuesday is good.
11  THE COURT:  Tuesday, at 9:30.
12  THE COURTROOM DEPUTY:  Actually, 10:00.
13  THE COURT:  Tuesday, at 10:00.  And what
14  we'll do is there will a moratorium on all deadlines.
15  In other words, they're tolled.  So whatever time
16  remains unlapsed today picks up again next Wednesday
17  and starts to run.
18  So, for example, if you had three more days
19  left for discovery responses under the ten-day
20  shortened deadline, then those three days would start
21  to run again next Wednesday -- Wednesday, Thursday,
22  Friday --
23  MR. BERNET:  Yes, ma'am.
24  THE COURT:  -- would be the tenth day.  And
25  that's as to all things.

JOHNSON TRANSCRIPTION SERVICE - (813) 920-1466

1  Now do you really want me to not enter an
2  order on the 2004 exam?  I mean I can say -- that's
3  your motion; right, Mr. Ellis?
4      MR. ELLIS:  Yes, ma'am.
5      THE COURT:  I could simply enter an order
6  that says at some mutually agreeable date and then we
7  don't have an orphan motion out there.
8      MS. THOMPSON:  Your Honor, it was our
9  intention to object to that motion on both procedural
10 and substantive grounds.  So we would prefer that no
11 action be taken --
12     THE COURT:  Okay.
13     MS. THOMPSON:  -- for the time that we've
14 agreed to stay the --
15     THE COURT:  Set it for sometime later so that
16 we can just make sure --
17     MS. THOMPSON:  Yes.
18     THE COURT:  -- it doesn't get lost?
19     MS. THOMPSON:  Yes, that would be fine.
20     MR. ELLIS:  That would be fine with us, Your
21 Honor.
22     THE COURT:  Ms. Garcia, go ahead and set it
23 for a time that's after next Tuesday.  You don't have
24 to announce it now but just in ordinary course so that
25 we don't lose that one.

1 All right. And then I have one little
2 housekeeping matter relating to the transcript of the
3 last hearing. Ms. Johnson was good to rush it out for
4 you all, but I notice in one place I'm given credit for
5 something that Mr. Carraway, and I would prefer that I
6 not be given credit for that; not that it was an
7 inappropriate statement, but it was more of an advocacy
8 type of a statement that I should not have been
9 attributed with. And there were a couple of
10 misspellings like Kadent/Cadent and I asked her to
11 listen to what Mr. Anthony was saying about "sort"
12 of Damocles --
13     MS. THOMPSON: Sword.
14     THE COURT: Sword. And then I think there's
15 a place where she needs to revisit where the Roman
16 numerals start with XII and XIII, and I don't know that
17 we ever talked about 12, 13, 14, 15, 16. I think that
18 was a scrivener's error that should have used the "V"
19 in front of those numerals. So it's clear that we if
20 all drop dead tomorrow, nobody really thinks that there
21 really is some 13, 14, 15, 16 count in this complaint.
22     MS. THOMPSON: Those were our best counts,
23 Your Honor.
24     THE COURT: Well, you probably need to share
25 them with the other side then.

1  So I think what she's intending to do is -- I
2  think she has gone back and listened to the tape and
3  confirmed that it was Mr. Carraway's voice and not
4  mine. And she'll be floating out some corrected
5  transcripts. And that's the only housekeeping matter I
6  had.
7  So we'll see you back here at 10 o'clock next
8  Tuesday. Do you just want to do a notice of continued
9  hearing on this, Ms. Garcia?
10  THE COURTROOM DEPUTY: We can just continue
11  it in open court. They're all here.
12  THE COURT: Okay, no one has to do that work.
13  She wants to put it on the docket as continued in open
14  court to next Tuesday, at 10:00. There will be a
15  docket entry, no paper to generate.
16  MS. THOMPSON: Can you include in that docket
17  entry the stay of all pending deadlines?
18  MR. BERNET: I can do an order, Your Honor,
19  and submit it.
20  THE COURT: Okay.
21  MR. BERNET: I'll do an order and submit it
22  and include those.
23  THE COURT: Okay. Then, Ms. Garcia,
24  Ms. Bernet will take care of that. All right. Then
25  good luck.

1  MS. THOMPSON:  Thank you, Your Honor.
2  MR. LASH:  Thank you, Your Honor.
3  MR. CARRAWAY:  Thank you, Your Honor.
4  THE COURT:  The Court will be in recess until
5  Mr. Harville appears.
6  (Whereupon, the hearing concluded at
7  9:52 a.m.)

CERTIFICATE OF REPORTER

STATE OF FLORIDA        )

COUNTY OF HILLSBOROUGH  )

    I, Kimberley S. Johnson, Official Court Reporter, certify that I reported the foregoing proceedings in the United States Bankruptcy Court, Middle District of Florida, Tampa Division, before the Honorable Catherine Peek McEwen, in the above-captioned case at the time and place set forth, and that the foregoing pages were transcribed by me and constitute a true and correct transcription to the best of my ability.

        WITNESS MY HAND this __23rd__ day of January, 2007, at Tampa, Hillsborough County, Florida.

_____
Kimberley S. Johnson, CVR
Certified Verbatim Reporter
Notary Commission No. DD449281
Commission Expiration: 8/29/09