```
          IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

```
- - - - - - - - - - - - - - - -x
IN RE:                          :
                                :
COMMUNITY HEALTH SOLUTIONS      : Case No. 06-01215-8C1
OF AMERICA, LLC                 : Chapter 11
              Debtor            :
- - - - - - - - - - - - - - - -x
LARRY HYMAN, TRUSTEE,           :
              Plaintiff         :
         vs                     : Adversary No.06-328
COMMON PAYMASTER CORPORATION    :
MIRABILIS VENTURES, INC.,       :
              Defendant         :
- - - - - - - - - - - - - - - -x  U.S. Courthouse
                                   801 N. Florida Avenue
                                   Tampa, Florida
                                   September 7, 2006
                                   10:10 a.m.
```

**HEARING**

1) Status Conference

**Adversary 06-328:**

1) Pretrial Conference

2) Expedited Motion to Dismiss Adversary Proceeding by Mirabilis Ventures, Inc.

3) Motion to Dismiss Complaint by Common Paymaster Corp.

**B E F O R E:**  THE HONORABLE CATHERINE PEEK MCEWEN
           Bankruptcy Judge

___

JOHNSON TRANSCRIPTION SERVICE
7702 Lake Cypress Drive
Odessa, Florida  33556
(813) 920-1466

APPEARANCES:

| | |
|---|---|
| For Mirabilis Ventures, Inc., and Pacific-Altantic Capital Corp.: | THOMAS LASH, Esquire<br>JAMES FRAZIER CARRAWAY, Esquire<br>DAMON ELLIS, Esquire<br>Saxon Gilmore Carraway<br>Gibbons Lash & Wilcox<br>201 East Kennedy Boulevard<br>Suite 600<br>Tampa, Florida 33602<br>813-314-4500 |
| For Larry Hyman: | JOHN ANTHONY, Esquire<br>Gray Robinson<br>201 North Franklin Street<br>Suite 2200<br>Tampa, Florida 33602<br>813-273-5000 |
| For Common Paymaster: | MARK BERNET, Esquire<br>Buchanan, Ingersoll Professional Corp.<br>401 East Jackson Street<br>Suite 2500<br>Tampa, Florida 33602<br>813-222-8180 |
| For Tenshi Enterprises Tenshi Leasing and Common Paymaster: | JEFFREY WARREN, Esquire<br>Bush Ross, PA<br>PO Box 3913<br>Tampa, Florida 33601<br>813-223-9620 |
| For Gary Simmons: | GUILLERMO RUIZ, Esquire<br>Law Office of Guillermo Ruiz<br>PO Box 12787<br>St. Petersburg, Florida 33733<br>727-321-2728 |
| For the US Trustee: | THERESA BOATNER, Esquire<br>Office of the US Trustee<br>501 East Polk Street<br>Suite 1200<br>Tampa, Florida 33602<br>813-243-5000 |

```
 1                     P R O C E E D I N G S

 2         COURTROOM DEPUTY:  Community Health Solutions of

 3   America, Case No. 06-01215, and Adversary 06-00328, Larry

 4   Hyman, Trustee versus Common Paymaster Corporation and

 5   Mirabilis Ventures, Incorporated.

 6         THE COURT:  The Court will take appearances.

 7         MR. ANTHONY:  Good morning, Your Honor, John

 8   Anthony on behalf of Larry Hyman the Chapter 11 Trustee

 9   who is also in the courtroom.

10         MR. RUIZ:  Good morning, Your Honor, Guillermo Ruiz

11   for Gary Simmons, a creditor who's also in the courtroom.

12         MR. WARREN:  Good morning, Your Honor, Jeffrey

13   Warren.  I have appeared in this case on behalf of Tenshi

14   Enterprises and Tenshi Leasing, but I'm also now

15   appearing as co-counsel for Common Paymaster.

16         THE COURT:  All right.  Thank you.

17         MR. BERNET:  Mark Bernet, Your Honor, as co-counsel

18   for Common Paymaster Corporation.

19         MR. LASH:  Good morning, Your Honor, Tom Lash for

20   Mirabilis Ventures, Inc., and Pacific Atlantic Capital

21   Corporation, and Mr. Frazier Carraway, my partner, is

22   here today as lead counsel on the adversary proceeding,

23   and Mr. Damon Ellis, my other partner, also.

24         THE COURT:  All right.  Thank you.

25         MR. LASH:  Thank you.
```

1   MS. BOATNER: Theresa Boatner for the United States
2   Trustee.
3   THE COURT: All right. We had scheduled a status
4   conference in the case, and then we had continued from
5   August the 29th to today the matters that had been set
6   for the 29th in the adversary proceeding. What shall we
7   take up first?
8   MR. ANTHONY: Your Honor, for purposes of
9   addressing today's agenda, I think it would be
10  appropriate to first mention that by way of status
11  conference that we have made meaningful progress
12  following your Solomonic advice of the last hearing. And
13  perhaps -- and I think everybody in the courtroom would
14  be amenable to another such continuance of all matters to
15  a date next week, and --
16  THE COURT: What if we gave you to the end of the
17  day? You could come back at 2:30 today for the rest of
18  the day.
19  MR. ANTHONY: That would be excellent with -- but
20  there are a couple of problems. One of them is that Mr.
21  Green can't come today. And --
22  THE COURT: Who is Mr. Green?
23  MR. ANTHONY: Money. Anyway --
24  MR. WARREN: I was going to ask the same question
25  because I thought there was another party to this case

5

1    that I hadn't been introduced to.
2         If I may, Your Honor, what we would like to do is
3    come back in a couple of days because we'd like to have a
4    Plan and Disclosure Statement on file that the Court
5    could consider conditionally and approve this as a small
6    business case.
7         And one of the conditions for the Chapter 11
8    Trustee's agreement to be a Plan proponent with Mirabilis
9    Ventures, Inc. and Common Paymaster is that there be a
10   million-dollar deposit made which would be the new
11   capital to fund the Plan as the initial funding so that
12   there would be no question about the feasibility of
13   proceeding with the Plan.  And so that's the reason why
14   we couldn't come back today.
15        We've reached agreement orally with respect to the
16   essential provisions of the Plan associated with
17   settlements that would occur under the Plan dealing with
18   issues associated with the claims involving Mirabilis and
19   Common Paymaster, claims involving Mr. Simmons and his
20   related companies.  And so we've got a global resolution.
21   Still has -- we have to put pen to paper with respect to
22   that.
23        And I've provided a draft of -- a working draft of
24   the Plan which will take Mr. Anthony and Miss Boatner
25   some time that -- Miss Boatner hasn't even seen it yet,

```
 1          and Mr. Anthony hasn't had a chance to really look at it.
 2          So that's the reason why we would say we don't need to
 3          come back today --
 4                  THE COURT:  Okay.
 5                  MR. WARREN:  -- for those purposes.
 6                  THE COURT:  Okay.  How much time do you need to
 7          review the documents and --
 8                  MR. ANTHONY:  Your Honor, it's -- I believe that
 9          next Wednesday or Thursday would be the right time
10          because unfortunately this did not come until the day
11          before yesterday late in the day, and a cleaned-up
12          version came about 7:30 at night.  Yesterday I was out;
13          tomorrow I'll be in Georgia.
14                  THE COURT:  Is making payroll for the 15th an
15          issue?
16                  MR. ANTHONY:  No.
17                  MR. WARREN:  No, Your Honor.
18                  THE COURT:  Okay.
19                  MR. ANTHONY:  And, Your Honor, Mr. Warren is
20          correct about some things.  I want to say that I am --
21          I'm pleased that we have gotten further than a part of me
22          expected.  At the last hearing, though, we talked about a
23          Plan, a Disclosure Statement, and a million dollars.  We
24          have a Plan.  It's come late.
25                  I can -- there are comments that we can make about
```

1  it, but we'd rather make them privately.  We're told
2  we're going to get a Disclosure Statement shortly, and
3  we're told that that money is not -- that the good-faith
4  payment is not an option.
5     So I'm encouraged about all of that.  But the way I
6  think to characterize that would be as a continued status
7  conference and -- and not a conditional -- conditional
8  Disclosure Statement approval because there are
9  constituencies, for example, before the hearing today
10 Your Honor was kind enough to give us some time.  But the
11 constituencies of Mr. Simmons -- Mr. Hyman still hasn't
12 reviewed this.  He was out yesterday as well.
13    THE COURT:  How quickly can it be filed, the
14 package?
15    MR. WARREN:  Your Honor --
16    MR. ANTHONY:  If it's agreeable, I would think
17 Tuesday.
18    MR. WARREN:  And what -- my intent, Your Honor, was
19 that what we would file would be a Plan proposed by the
20 Chapter 11 Trustee, Mirabilis and Common Paymaster, and
21 that we would file simultaneously a Disclosure Statement
22 with that Plan, and that at the status conference the
23 Court could, you know, conditionally approve that package
24 for us to go solicit so we can go to confirmation as
25 early in October as we possibly can.  So our -- the rapid

1   pace here is driven by the need to have this completed in

2   October.

3   And so I know Mr. Anthony's promised that he will

4   work -- I have a draft of the Disclosure Statement.  It

5   wasn't until a few minutes ago that we had the final

6   piece put together given the time that Your Honor gave us

7   this morning.

8   So, you know, as I understand -- considering the

9   conditional approval of the Disclosure Statement, if the

10  Chapter 11 Trustee is the Plan proponent, I don't think

11  we'll need much of a hearing for the Court to do that.

12  MR. ANTHONY:  Mr. Warren is absolutely correct.  A

13  big piece has been conceptually placed -- put into place

14  a few minutes ago.  There are some other pieces.  And I

15  feel it's promising a lot to say that we could get this

16  done and have the Trustee signing off any earlier than

17  Tuesday because there's just -- Mr. Simmons' counsel has

18  to look at it, the US Trustee has to look at it, and

19  there are a couple of provisions that -- that need to be

20  thought through, not researched or read, they just need

21  to be thought through.

22  THE COURT:  Okay.

23  MR. ANTHONY:  Kind of tricky.

24  THE COURT:  All right.  We conditionally approve

25  Disclosure Statements without a hearing.  Once they're

|    |                                                                    |
|----|--------------------------------------------------------------------|
| 1  | filed, if it's small -- if it's a fast-track case or if            |
| 2  | it's a small business case, we -- as soon as they're               |
| 3  | filed, we try to look at them.  There are minimum                  |
| 4  | requirements that are published in the administrative              |
| 5  | orders, and if they meet those, we enter the order                 |
| 6  | conditionally approving.                                           |
| 7  | So it's not a problem to do that at a hearing.  We                 |
| 8  | can do it the same day that it's filed ostensibly.                 |
| 9  | MR. WARREN:  That's the reason why we're not asking                |
| 10 | the Court to do anything about the Disclosure Statement.           |
| 11 | We were saying if the status conference was an                     |
| 12 | opportunity, if the Court had any questions about what             |
| 13 | was filed, we would expect the Court to enter the                  |
| 14 | standard order conditionally approving the Disclosure              |
| 15 | Statement authorizing us to go solicit the votes.                  |
| 16 | THE COURT:  But you're saying if I have a question                 |
| 17 | then I can address those --                                        |
| 18 | MR. WARREN:  You can raise it at the status --                     |
| 19 | THE COURT:  Okay.                                                  |
| 20 | MR. WARREN:  That's right, you can raise it at the                 |
| 21 | status conference.                                                 |
| 22 | THE COURT:  I think Friday the 15th.  And, Miss                    |
| 23 | Garcia, aren't we setting the hearing on the patient care          |
| 24 | issue in the other case the same day?                              |
| 25 | COURTROOM DEPUTY:  I think we're going to do it on                 |

1  the 14th.
2        THE COURT: We might do it on Thursday, then.
3        MR. WARREN: The earlier the better.
4        MR. ANTHONY: That's great. If we could have 333
5  and that, the boning up on provisions of the act that,
6  I --
7        THE COURT: Okay. We'll do -- we'll continue the
8  status conference to the afternoon of the 14th.
9        COURTROOM DEPUTY: It can only be the morning.
10       THE COURT: Okay. It's going to be your show, Mr.
11 Anthony, on Thursday morning.
12       MR. ANTHONY: Thursday morning?
13       THE COURT: Yes. You'll have the case we're
14 hearing for Judge May. You'll have the 333 issue in the
15 other case, and then we'll have this case. Now which one
16 do you think is going to take the longest?
17       MR. ANTHONY: Your Honor, I'm almost embarrassed.
18 We have a cash collateral motion that will be filed as
19 soon as I can get back to the office in the same case
20 that has the 333 issue in it.
21       THE COURT: Okay. Eleven o'clock for this case.
22       MR. ANTHONY: Okay, 11 o'clock.
23       MR. WARREN: That's fine, Your Honor.
24       THE COURT: On Thursday the 14th. So we're going
25 to continue the status conference in the case and all

JOHNSON TRANSCRIPTION SERVICE - (813) 920-1466

1  matters associated with the adversary proceeding.  Am I
2  to keep the moratorium of --
3         MR. WARREN:  We would ask the Court --
4         THE COURT:  -- in place?
5         MR. WARREN:  -- to keep the stand-still in place at
6  least until that next hearing.
7         THE COURT:  Okay.  So for both the case and the
8  adversary proceeding, except for the filing of the Plan
9  and Disclosure Statement?
10         MR. WARREN:  Yes, Your Honor.
11         THE COURT:  No other thing?
12         MR. ANTHONY:  Which would be a joint one in any
13  event, so --
14         THE COURT:  Right.
15         MR. ANTHONY:  -- it would fall within the --
16         THE COURT:  Okay.  Mr. Ruiz, you're here on
17  presumably the case not the adversary proceeding?
18         MR. RUIZ:  That is correct, Your Honor.
19         THE COURT:  All right.  Do you have any
20  observations or comments about scheduling this out again?
21         MR. RUIZ:  No, ma'am.  I think that the -- that the
22  picture's been presented in the proper way, and I think
23  the way it's been scheduled now hopefully should work.
24         THE COURT:  Okay.
25         MR. ANTHONY:  Your Honor, I don't want to seem too

1  pushy, but when would the other ones be scheduled that
2  morning, before or after the --
3      THE COURT:  Before.
4      MR. ANTHONY:  Before.  Okay.
5      THE COURT:  One will be at 9:30 and probably one at
6  9:45, something like that, 10 o'clock in that
7  neighborhood.
8      Okay.  Now, housekeeping.  Mr. Anthony, you owe me
9  an order continuing the things that we heard on the 29th
10 to today.  In the -- on the status conference portion of
11 the case, you owe me an order continuing that to today,
12 and also abating -- well, what we talked about, the
13 moratorium against filing anything in either.
14     And then it looks like, Mr. Bernet, you owe me one
15 -- I'm not sure what -- August the 21st -- it was August
16 the 21st we continued all of the -- it looks like the
17 three matters for the adversary proceeding to August the
18 29th.
19     MR. BERNET:  Yeah.  I saw that it had not been
20 entered.  That was submitted.  I'll go double check it.
21     THE COURT:  Okay.  All right.  Then, further
22 housekeeping.  Just to make sure that everyone knows
23 what's going on.
24     Mr. Bernet called me to clarify whether I required
25 a mediator to be selected and whether I required you all

1  to mediate.  And no, I did not.  What I said was, and
2  this is because everyone assured me they could get it
3  done on their own, and obviously you have.  I just
4  suggested that if you got down to the last issue that you
5  could get somebody on reserve to help you through the
6  last issue if you couldn't get it all done yourselves.
7  So it wasn't a mandate.
8       But he called chambers, and rather than relay that
9  same information through Miss Garcia, I just picked up
10 the phone and talked to him.
11      So who's going to give me the order requiring the
12 Plan and Disclosure Statement to be filed by Wednesday so
13 that we can have the hearing on Thursday?  Mr. Warren?
14      MR. WARREN:  Yes, Your Honor, I will.
15      THE COURT:  And give me two, one for the adversary
16 proceeding that continues all of that and continues the
17 abatement, and then one for the general case that
18 requires the filing and sets the continued status
19 conference and continues the moratorium except for the
20 Plan and Disclosure Statement.
21      MR. WARREN:  Thank you, Your Honor.
22      THE COURT:  Okay.  Thank you, all.  Good job.  I
23 hope Mr. Green is here next time we come back.
24      (Hearing concluded at 10:21 a.m.)
25

## CERTIFICATE OF REPORTER

STATE OF FLORIDA )

COUNTY OF HILLSBOROUGH )

I, MARILYN L. TAYLOR , Official Court Reporter and Notary Public, do hereby certify:

That the foregoing hearing was reported by me at that time and place therein designated; and that the foregoing pages were transcribed by me and constitute a true and correct copy of the stenomask report.

I FURTHER CERTIFY that I am not a relative, employee, attorney or counsel of the parties, nor a relative or employee of such attorney or counsel, nor financially interested in the foregoing action.

BE IT KNOWN that I shall not attest to the accuracy nor content of any other than the original transcription herein set forth, excepting copies that are made by me by whatever means, containing my original signature only.

WITNESS my hand and seal this 29th day of January, 2007, in the City of Tampa, Hillsborough County, Florida.

Marilyn L. Taylor, CVR
Certified Verbatim Reporter
Notary Commission No.DD593730
Expires: October 25, 2010