IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IN RE:<br><br>COMMUNITY HEALTH SOLUTIONS OF AMERICA<br><br>Debtor | Case No. 06-01215-8C1<br>Chapter 11 |
| LARRY S. HYMAN<br>Plaintiff<br>vs.<br>COMMON PAYMASTER CORP.,<br>MIRABILIS VENTURES, INC.<br><br>Defendants | **Adversary No. 06-0328** |

801 N. Florida Avenue
Tampa, Florida
September 14, 2006
11:55 A.M.

**H E A R I N G**

**Adv. 06-0328.** Pretrial Conference; Expedited Motion to Dismiss Adversary Proceeding by Mirabilis Ventures, Inc. (Doc. 12); Motion to Dismiss Complaint by Common PayMaster Corp. (Doc. 13).

**B E F O R E: THE HONORABLE CATHERINE PEEK McEWEN**
**UNITED STATES BANKRUPTCY JUDGE**

---

**JOHNSON TRANSCRIPTION SERVICE**
7702 Lake Cypress Drive
Odessa, Florida 33556
(813) 920-1466

A P P E A R A N C E S:

For Chapter 11 Trustee Hyman: JOHN ANTHONY, Esquire
CHERYL THOMPSON, Esquire
GrayRobinson, P.A.
201 N. Franklin Street, #2200
Tampa, Florida 33602
(813) 273-5000

For Mirabilis and Pacific Atlantic Capital Corporation: THOMAS LASH, Esquire
FRAZIER CARRAWAY, Esquire
DAMON ELLIS, Esquire
Saxon, Gilmore, et al, P.A.
201 E. Kennedy Boulevard #600
Tampa, Florida 33602

For Common PayMaster: MARK BERNET, Esquire
Buchanan Ingersoll Professional Corp
401 E. Jackson Street, Suite 2500
Tampa, Florida 33602

For TenShi Enterprises and Common PayMaster: JEFFREY W. WARREN, Esquire
Bush, Ross, et al.
220 S. Franklin Street
Tampa, Florida 33602

For Gary Simmons: GUILLERMO A. RUIZ, Esquire
Guillermo A. Ruiz, P.A.
2901 W. Fifth Street
St. Petersburg, Florida 33713

For U.S. Trustee: THERESA BOATNER, Esquire
Office of the U.S. Trustee
501 E. Polk Street, #1200
Tampa, Florida 33602

Also Present: LARRY HYMAN, Chapter 11 Trustee

**P R O C E E D I N G S**

THE COURT: I apologize to the folks who are here for Community Health and Poe Financial. Is Community Health going to be something that can go quickly?

MR. WARREN: Yes, Your Honor.

MR. LASH: Yes, Your Honor.

THE COURT: Are you going to tell me that you haven't filed the Plan and Disclosure Statement yet --

MR. LASH: Yes, Your Honor.

THE COURT: -- and, therefore, I cannot conditionally approve the Disclosure Statement?

MR. LASH: Correct, Your Honor.

THE COURT: Okay. So you want me to continue this hearing until when?

MR. LASH: Yes, Your Honor. Mr. Warren.

THE COURT: Let me call the case and get appearances. We'll do some formality here.

THE COURTROOM DEPUTY: Community Health Solutions of America, Case No. 06-01215, and Adversary 06-0328.

THE COURT: The Court will take appearances.

MR. WARREN: Good afternoon, Your Honor, Jeffrey Warren on behalf of Common PayMaster and also TenShi Enterprises.

THE COURT: Thank you.

MR. RUIZ: Good afternoon, Your Honor, Guillermo Ruiz for Gary Simmons.

THE COURT: Thank you.

MR. BERNET: Mark Bernet, Your Honor, also on behalf of Common PayMaster Corporation.

THE COURT: Okay. Thank you.

MR. LASH: Good afternoon, Your Honor, Tom Lash on behalf of Mirabilis Ventures, Inc. and Pacific Atlantic Capital Corporation. And Mr. Frazier Carraway, my partner, is here with me today in the Adversary Proceeding 06-328, I believe it is. And Mr. Ellis, my partner, also is here today.

THE COURT: Thank you.

MR. LASH: Thank you.

MR. ANTHONY: Good morning, Your Honor, John Anthony and Cheryl Thompson from GrayRobinson, as well as Mr. Hyman, our client, Chapter 11 Trustee.

THE COURT: All right. Thank you.

MS. BOATNER: Theresa Boatner for the United States Trustee.

THE COURT: Okay. Prior to the formal commencement of this hearing, I asked whether it was true or not true that we couldn't go forward today because the Plan and Disclosure Statement had not been

filed, and I heard a crowd say that is correct.

MR. WARREN: Yes, Your Honor, we did not file a Plan and Disclosure Statement. As of last night, there was some question among the parties whether or not the Court had directed it to be filed yesterday. We had submitted an order that intended that yesterday was a date to file a Plan and Disclosure Statement. Mr. Anthony did not concur with that order and submitted an order that he thought reflected the Court's rulings.

We sort of moved past those issues, Your Honor. As a protective measure, we filed last night asking the Court to extend the time to file a Plan and Disclosure Statement, recognizing the Court had not had a chance to resolve the issue regarding the orders.

The intent was to have a status conference today. The status of the matter is pretty clear, Your Honor. I am holding a million dollars in my trust account, provided by Mirabilis.

THE COURT: So mister green has come to the table.

MR. WARREN: Mister green is here. You know, we have been working on trying to provide a Disclosure Statement and Plan that would be proposed by the Chapter 11 Trustee and Mirabilis and Common PayMaster.

You know, being optimistic, and how difficult it would be for the disputing parties to come together with language associated with a variety of different complex issues, we underestimated how difficult that would be. And we didn't know how long it would take Mr. Anthony to do the conflict check in the prior case that I just heard the argument about.

MR. ANTHONY: It was very easy. I'm suggesting that Mr. Warren file an appearance in that case so we can solve the whole thing in about two days.

MR. WARREN: My multi-tasking is reaching a break point. However, I believe what's happened is late last night Mr. Anthony's office and my office and other offices were coming very close to resolving language issues on key points and cleaning things up and sort of just trying to dot the i's an cross the t's. Because of bad schedules -- and today is my bad schedule, I need to leave as soon as we finish this hearing to go to Bradenton -- I think if Your Honor would continue things until Monday --

THE COURT: No. Beyond Monday.

MR. WARREN: -- beyond Monday, Tuesday would be better.

THE COURT: I think I need to give you all more time than that.

MR. WARREN: Well, is this because of Your Honor's schedule? I mean what we would hope to do --

THE COURT: No, it's because I've heard that you all are getting together so many times, it's like the one that talked about the sky is falling or something.

MR. ANTHONY: Your Honor, that, in some respects, is how it was months ago. I would really concur with Mr. Warren on this.

THE COURT: Okay, Monday.

MR. ANTHONY: I think we have -- the whole color of the case has changed since the money arrived and our ability to respond, I think, is accelerated by this indicia --

THE COURT: Because they've dangled something in front of you?

MR. ANTHONY: There are indicia of feasibility that appear to be unmistakable on some key elements, not just the money, some other key elements --

MR. WARREN: Your Honor, time is very important --

MR. ANTHONY: -- as of last night, even.

MR. WARREN: -- because of the nature of the Debtor's business --

THE COURT: Okay.

MR. WARREN: -- and where this stands is that the incentive to get this done now is pretty urgent. And so --

THE COURT: Okay. Can we do this on Monday?

THE COURTROOM DEPUTY: 11 o'clock.

MR. WARREN: And, Your Honor --

THE COURT: Ms. Boatner, I know that you probably don't have anything to say about this, but I've been informed and educated that there really isn't any deadline when you have a Chapter 11 Trustee in place in terms of exclusivity and so forth.

So I mean as long as they're willing to keep going and you're willing to follow them, I guess we'll just keep continuing it until we see something.

MS. BOATNER: Yes, Your Honor. And much to the, I'm sure, displeasure of certain people in the room, I have had something to say about it. But I will tell you that I agree with Mr. Warren that the negotiations have made considerable progress and there are just a few sticking points left to be ironed out. And I think that the Plan and Disclosure Statement will be able to be put together in a joint form to present to the Court within hours or days.

THE COURT: Okay. We will continue this

status conference to September 18th, at 11:00 a.m. At that time, if the Plan and Disclosure Statement are filed sufficiently in advance of that, we may be able to announce a conditional approval of the Disclosure Statement.

We will continue all of the matters in the adversary proceeding to the same time and date and the moratorium on filing things, other than things that need to be filed in the ordinary course, like operating reports and the Plan and Disclosure Statement shall apply.

And who gives me the order?

MR. WARREN: Your Honor, to clear the record, I think it would be fine -- it's certainly fine with me -- if Your Honor enters the order that Ms. Thompson submitted with respect to the September 7th hearing. Because it's the simplest order. It does not create any filing deadline with respect to the Plan. And then the Court can deny as moot the motion we filed last night to extend a concerned deadline that we had.

THE COURT: Why don't we do this: Why don't you just withdraw in open court.

MR. WARREN: I'll withdraw that in open court and then if the Court will enter Ms. Thompson's proposed order that was submitted, then I think we'll

have a clean record with respect to things.

THE COURT: Okay, that's what we'll do.

MR. WARREN: Okay.

MR. ANTHONY: Thank you very much, Your Honor.

THE COURT: Who's going to give the order continuing all of this and extending the moratorium?

MR. ANTHONY: We can --

MR. WARREN: I'll let Mr. Anthony do that.

THE COURT: Okay. Well, you already owe me two.

MR. ANTHONY: I think Ms. Thompson --

THE COURT: So this is number 3.

MR. ANTHONY: I think Ms. Thompson had circulated last iterations of those previously and was waiting for comments.

THE COURT: Mr. Bernet got me his "IOU" in the very next day or maybe by the end of that day that we discussed the missing orders.

MR. ANTHONY: I recall that, Your Honor. I've shared that with Ms. Thompson. This seems to be a fairly -- we were just talking about some --

THE COURT: Okay.

MR. ANTHONY: We'll clear that up and plus get this one in.

THE COURT: Okay. Good. Thank you.

MR. ANTHONY: Thank you, Your Honor.

MR. WARREN: Thank you, Your Honor.

MR. ANTHONY: And the six from this morning.

THE COURT: When you get it in, please call Ms. Garcia so we can get it entered quickly, because it is a Monday hearing.

MR. ANTHONY: Yes, Your Honor.

THE COURT: Thank you.

MR. ANTHONY: Thank you very much.

MR. LASH: Thank you, Your Honor.

THE COURT: Thank you.

(Whereupon, the hearing concluded at 12:03 p.m.)

CERTIFICATE OF REPORTER

STATE OF FLORIDA )
COUNTY OF HILLSBOROUGH )

I, Kimberley S. Johnson, Official Court Reporter, certify that I reported the foregoing proceedings in the United States Bankruptcy Court, Middle District of Florida, Tampa Division, before the Honorable Catherine Peek McEwen, in the above-captioned case at the time and place set forth, and that the foregoing pages were transcribed by me and constitute a true and correct transcription to the best of my ability.

WITNESS MY HAND this 29th day of January, 2007, at Tampa, Hillsborough County, Florida.

Kimberley S. Johnson, CVR
Certified Verbatim Reporter
Notary Commission No. DD449281
Commission Expiration: 8/29/09