IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

- - - - - - - - - - - - - - - - - -x
IN RE:                              :
                                    :
                                    :
COMMUNITY HEALTH SOLUTIONS          : Case No. 06-01215-8C1
   OF AMERICA                       :        Chapter 11
                                    :
              Debtor                :
- - - - - - - - - - - - - - - - - -x
LARRY S. HYMAN                      :
              Plaintiff             :
   vs.                              : **Adversary No. 06-0328**
                                    :
COMMON PAYMASTER CORP.,             :
MIRABILIS VENTURES, INC.            :
                                    :
              Defendants   :
- - - - - - - - - - - - - - - - - -x

                            801 N. Florida Avenue
                            Tampa, Florida
                            September 18, 2006
                            11:00 A.M.


                    **H E A R I N G**

                    Status Conference

**Adv. 06-0328.**  Pretrial Conference;
Expedited Motion to Dismiss Adversary Proceeding by
Mirabilis Ventures, Inc. (Doc. 12);
Motion to Dismiss Complaint by Common PayMaster Corp.
(Doc. 13).




**B E F O R E:  THE HONORABLE CATHERINE PEEK McEWEN
              UNITED STATES BANKRUPTCY JUDGE**

_____

                **JOHNSON TRANSCRIPTION SERVICE**
                    7702 Lake Cypress Drive
                    Odessa, Florida  33556
                        (813) 920-1466

A P P E A R A N C E S:

For Chapter 11
 Trustee Hyman:          JOHN ANTHONY, Esquire
                         CHERYL THOMPSON, Esquire
                         GrayRobinson, P.A.
                         201 N. Franklin Street, #2200
                         Tampa, Florida  33602
                         (813) 273-5000

For Mirabilis
 and Pacific
 Atlantic
 Capital
 Corporation:            THOMAS LASH, Esquire
                         FRAZIER CARRAWAY, Esquire
                         DAMON ELLIS, Esquire
                         Saxon, Gilmore, et al, P.A.
                         201 E. Kennedy Boulevard #600
                         Tampa, Florida  33602

For Common
PayMaster:               MARK BERNET, Esquire
                         Buchanan Ingersoll Professional Corp
                         401 E. Jackson Street, Suite 2500
                         Tampa, Florida  33602

For TenShi
Enterprises
and Common
PayMaster:               JEFFREY W. WARREN, Esquire
                         DREW JENKINS, Esquire
                         Bush, Ross, et al.
                         220 S. Franklin Street
                         Tampa, Florida  33602

Also Present:            LARRY HYMAN, Chapter 11 Trustee

**P R O C E E D I N G S**

1                                          

2         THE COURTROOM DEPUTY:  Community Health

3 Solutions of America, Case No. 06-01215, and the

4 Adversary 06-0328.

5         THE COURT:  The Court will take appearances.

6         MR. ANTHONY:  Good morning, Your Honor, John

7 Anthony on behalf of Larry S. Hyman, Chapter 11

8 Trustee.  Also with me is my partner, Cheryl Thompson,

9 and the Trustee.

10         THE COURT:  Thank you.

11         MR. WARREN:  Good morning, Your Honor,

12 Jeffrey Warren on behalf of Common PayMaster

13 Corporation, as co-counsel with Mr. Bernet, and on

14 behalf of TenShi.

15         THE COURT:  Thank you.

16         MR. BERNET:  Mark Bernet, Your Honor, on

17 behalf of Common PayMaster Corporation.

18         MR. LASH:  Good morning, Your Honor, Tom

19 Lash on behalf of Mirabilis Ventures, Inc. and Pacific

20 Atlantic Capital Corporation.  And with me this morning

21 are my partner, Mr. Carraway on the adversary of

22 06-328, I believe, and my partner, Mr. Damon Ellis.

23         MR. ELLIS:  Good morning, Your Honor.

24         THE COURT:  We should have that tape and we

25 could just play it at every hearing.  It's almost the

1    same as what you said last week.

2            MR. WARREN:  Well, we have a new script for

3    the hearing today, Your Honor.  It's not the "we need

4    more time script."

5            THE COURT:  That's good.

6            MR. WARREN:  I'm pleased to report to the

7    Court that subject to execution, we have a Plan of

8    Reorganization to be jointly proposed by the Chapter 11

9    Trustee, Common PayMaster Corporation, and by

10   Mirabilis.  You know, we have a Disclosure Statement

11   that has been prepared in connection, you know, with

12   the solicitation of votes, you know, for that Plan.

13           We are contemplating that we will have

14   execution this morning or shortly thereafter and be in

15   a position to file the Plan and file the Disclosure

16   Statement.  We were hoping that Your Honor would accept

17   our proffer, since counsel are here, as well as the

18   Chapter 11 Trustee, and enable us to go forward and

19   establish, you know, any issues regarding conditionally

20   approving the Disclosure Statement and, obviously,

21   subject to Your Honor's opportunity to make sure it

22   satisfies your criteria, obtain a confirmation hearing

23   date.

24           We anticipate that we would provide to the

25   Court a slightly modified order, but it would be the

1       same order but just to meet the fact that we're now

2       dealing with not a Debtor Plan but a Plan proponent

3       Plan and just making those kinds of changes for the

4       Court to enter the order so that we can prepare the

5       solicitation package and follow all of the standard

6       provisions that the Court has in that order regarding

7       getting it mailed out.

8               From a time standpoint, you know, time is

9       very important to all of the parties.  I believe that

10      the administrative claims bar date for governmental

11      entities is October 13th.  That date would sort of

12      correspond to the 25-day period from today.  I think

13      that we're thinking about maybe asking the Court to

14      schedule the confirmation proceeding on the Monday or

15      Tuesday of the following week.  That would give us the

16      time to immediately get, you know, the solicitation

17      packages presented.

18              If the Court would like, I can give you a

19      brief overview of what this Plan looks like so that --

20              THE COURT:  No.  No, you don't need to do

21      that.  I just need to be able to determine how to

22      eliminate the conditional approval step so that two

23      orders don't have to be entered, just one does.  I'm

24      going to just combine the Disclosure Statement hearing

25      and Plan confirmation hearing and there will be a

1    conditional approval step in between.  Whatever

2    objections are filed, they're filed.

3            We have to give folks 25-days notice of the

4    deadline to object to either the Disclosure Statement

5    or the confirmation.  Usually, that's set up on a

6    seven-day deadline prior to the date of the

7    confirmation hearing, seven business days.

8            If we use October 16th, assuming that's

9    available on the calendar, Ms. Garcia, the deadline

10   would be October 5th, and then we'd need 25 days before

11   that.

12           MR. WARREN:  Which we don't have.

13           THE COURT:  Well, we need to move up then to

14   the 23rd, maybe?

15           MR. WARREN:  I'm trying to remember --

16           THE COURT:  That may work.

17           MR. WARREN:  I'm trying to remember the new

18   rule.  Is it 25 days for confirmation or 25 days to

19   file an objection to the adequacy of the Disclosure

20   Statement?  And if it's possible, you know, we would

21   ask the Court --

22           THE COURT:  It's 25 days for either.  You

23   have to give folks 25 days.  Let me find it.  It's

24   2002(b).  That's to give all creditors not less than

25   25-days notice by mail of:  (1) the time fixed for

1       filing objections and the hearing to consider approval

2       of a Disclosure Statement; and (2) the time fixed for

3       filing objections and the hearing to consider

4       confirmation.

5               MR. WARREN:  And I'm trying to determine,

6       Your Honor --

7               THE COURT:  I'll consider -- it says -- well.

8               MR. WARREN:  Is that part of the provisions

9       that cannot be shortened under 9006?

10              THE COURT:  I'm going to look at that now.

11              MR. WARREN:  Yes, it's two things.

12              THE COURT:  9006, reduction.  2002(a)(7).

13      That's not an (a)(7) notice.  That's proofs of claim.

14      So, no, that can be reduced.

15              MR. WARREN:  And if we can do that *ore tenus*,

16      or if the Court would like us to prepare a --

17              THE COURT:  *Ore tenus* is fine.

18              MR. WARREN:  Okay.

19              THE COURT:  Let's say we go to 15 days, does

20      that work if we have confirmation the 16th or the 17th?

21              MR. WARREN:  Yes, Your Honor.  And then we

22      could have objections on the 5th or the 6th.

23              THE COURT:  Yes, if we get the order out

24      tomorrow or Wednesday, that satisfies.

25              Can we have confirmation on the 16th or the

1    17th, Ms. Garcia?

2              THE COURTROOM DEPUTY:  The 17th.

3              THE COURT:  What time?

4              THE COURTROOM DEPUTY:  9:30.

5              THE COURT:  Who's going to serve the order

6    establishing the combined confirmation hearing and

7    Disclosure Statement hearing and setting the associated

8    deadlines?

9              MR. WARREN:  We can do that, Your Honor.

10             THE COURT:  Okay.  BNC, there's a time lag.

11   So if you do it, it will get to everyone --

12             MR. WARREN:  I understand.

13             THE COURT:  -- much more quickly.  Okay.  And

14   TenShi is not going to be joint proponent?

15             MR. WARREN:  No, Your Honor.

16             THE COURT:  But TenShi is mister green?

17             MR. WARREN:  Actually, Mirabilis is

18   mister green.  But Common PayMaster is a proponent.

19             THE COURT:  I know.  I heard you say that.

20   Okay.  October 17th, at 9:30.  The deadline for filing

21   objections to confirmation or to the Disclosure

22   Statement shall be -- actually, it looks like it's the

23   9th, October 9th -- well, no, October 6th, which is a

24   Friday.

25             And if you can get us an order today or

1    tomorrow and we get it out, then you can serve it on

2    everybody.

3          MR. WARREN:  We have a draft but

4    Mr. Anthony's office hasn't had a chance to see it,

5    because we were just anticipating where we would be.

6          THE COURT:  Okay, you may want to use the

7    form order that we use as the second order.

8          MR. WARREN:  That's what we --

9          THE COURT:  Just eliminate the conditional

10   approval business.

11         MR. WARREN:  That's what we thought, Your

12   Honor.  And we drafted the Disclosure Statement as

13   though the Court has conditionally approved it.

14         THE COURT:  Okay.  And just -- I know you

15   were late coming into the case and maybe you do not

16   know this.  You probably do.  But the bar date was set

17   a long time ago.

18         MR. WARREN:  We have all that.

19         THE COURT:  We're not going to give them more

20   time.

21         MR. WARREN:  No, Your Honor, we're not

22   reopening any bar dates.  However, the governmental

23   entities' bar date has not yet closed.

24         THE COURT:  Okay.  Now then what do we do

25   with the adversary proceeding?

1          MR. WARREN:  Your Honor, we would ask --

2     because the Plan incorporates a series of settlements

3     that would result in the dismissal of those actions

4     that the Court continue the forbearance, abeyance,

5     however you want to describe it, that's been in place

6     now for about two weeks.

7          THE COURT:  Okay.  You have no problem with

8     that; do you, Mr. Anthony?

9          MR. ANTHONY:  No, that's fine.  That's --

10          THE COURT:  All right.  Then give me an order

11     continuing all matters that are associated with the

12     adversary proceeding to, let's say, a month after

13     confirmation.  Because settlements have to occur after

14     confirmation; correct?

15          MR. WARREN:  They all happen at the same time

16     on the effective date of the Plan.

17          THE COURT:  Okay, let's set that for sometime

18     in mid November.

19          MR. WARREN:  And I'll let Mr. Anthony provide

20     that order, since it's following the other orders.

21          THE COURT:  Right.

22          THE COURTROOM DEPUTY:  November 13, at

23     10 o'clock.

24          THE COURT:  Okay, Mr. Anthony, give me an

25     order on that one, continuing the adversary proceeding

1    hearings on pretrial, the expedited motion to dismiss,

2    the other motion to dismiss until that time and

3    continuing the moratorium on filing any papers in that

4    adversary proceeding by any of the parties.

5            MR. ANTHONY:  Very well.

6            THE COURT:  And Mr. Warren will give me the

7    order setting the confirmation hearing, Disclosure

8    Statement hearing and related deadlines; right?

9            MR. WARREN:  Yes, Your Honor.  Now what we

10   thought we would do would be to serve that order with

11   the solicitation package, as part of the -- meaning

12   that the parties would not get that order and then

13   get --

14           THE COURT:  Then --

15           MR. WARREN:  We'd all send it out at the same

16   time.  But we would do it per the standard order, which

17   I think gives us three days, or something like that.

18           THE COURT:  Well, it's not going to give you

19   all -- let me see if it will give you the 15 days.  It

20   has got to go out Wednesday.

21           MR. WARREN:  Your Honor, our expectation is

22   get the order -- file the Plan and Disclosure Statement

23   today as soon as we can --

24           THE COURT:  Get the order entered.

25           MR. WARREN:  -- get the order entered today

1       and then have the package ready to go out tomorrow but

2       no later than Wednesday.

3               THE COURT:  Okay.  Then put in the order that

4       the proponents, or one of them, shall serve the

5       solicitation package along with a copy of this order no

6       later than October 20th -- excuse me -- September 20th.

7               MR. WARREN:  September 20th.

8               THE COURT:  Thank you.

9               MR. WARREN:  And we'll add something about,

10      "To the extent appropriate for cause, time periods have

11      been shortened."

12              THE COURT:  Yes, based on your *ore tenus*

13      motion at the continued status conference.

14              THE COURTROOM DEPUTY:  They need to e-mail

15      that directly to me.

16              THE COURT:  Okay.  Ms. Garcia suggests you

17      e-mail that proposed order directly to her.

18              MR. WARREN:  Yes, Your Honor.

19              MR. ANTHONY:  Both orders, I'm assuming?

20              THE COURT:  Mr. Anthony, yours can kind of go

21      in the ordinary course.

22              MR. ANTHONY:  Okay.

23              THE COURT:  That's not time sensitive like

24      the other one is.  Anything else we need to do?

25              MR. WARREN:  No, Your Honor, other than thank

1    you for giving us the additional time.

2              THE COURT:  You're welcome.  I note that

3    nobody is here from the United States Trustee's Office.

4    Normally, Ms. Boatner does show up.  I am assuming all

5    of this has been with you in the loop.

6              MR. WARREN:  Your Honor, Mr. Anthony and I

7    were both very careful to copy Ms. Boatner with the

8    exchanges last night and she was receiving the drafts

9    and bombarded and confused as all of us were with the

10   various exchanges.  So I have not spoken to her myself

11   today.

12             MR. ANTHONY:  I haven't either.  I think we

13   had a good sense of -- the Trustee and his counsel had

14   a good sense as to where the U.S. Trustee was on Friday

15   afternoon, we believe, but haven't been able to confirm

16   that the iteration that we're travelling under is

17   consistent with her -- or addresses her concerns.

18             THE COURT:  Well, she'll have the opportunity

19   to object, if she wants to anyway, within the deadline

20   that we've set.  So, that's not a problem.

21             MR. ANTHONY:  Outstanding.  Thank you very

22   much, Your Honor.

23             THE COURT:  I didn't get any vocabulary words

24   today.

25             THE REPORTER:  He didn't talk.

1          MR. ANTHONY:  That's exactly right.  This

2    wasn't a good day for procrustean verbiage.

3          THE COURT:  There we go.  Thank you.  I

4    actually have printouts from the online dictionary of

5    all of the big words that I've learned in this case.

6    Thank you all.  See you back --

7          MR. ANTHONY:  We've all learned a lot in this

8    case.

9          THE COURT:  See you back on the 17th.

10          MR. WARREN:  Thank you, Judge.

11          MR. ANTHONY:  Thank you, Your Honor.

12          MR. LASH:  Thank you, Your Honor.

13          (Whereupon, the hearing concluded at

14    11:18 a.m.)

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF REPORTER

STATE OF FLORIDA            )

COUNTY OF HILLSBOROUGH  )

I, Kimberley S. Johnson, Official Court Reporter, certify that I reported the foregoing proceedings in the United States Bankruptcy Court, Middle District of Florida, Tampa Division, before the Honorable Catherine Peek McEwen, in the above-captioned case at the time and place set forth, and that the foregoing pages were transcribed by me and constitute a true and correct transcription to the best of my ability.

WITNESS MY HAND this  23rd  day of January, 2007, at Tampa, Hillsborough County, Florida.


_____
Kimberley S. Johnson, CVR
Certified Verbatim Reporter
Notary Commission No. DD449281
Commission Expiration:  8/29/09